liAMY, Judge.
The plaintiff filed suit against a number of governmental entities, seeking civil redress for what he alleges was an unconstitutional method of selecting grand jury foremen. The method in question was in effect at the time of his 1991 indictment. Two of the defendants named in the suit filed exceptions of no cause of action and prescription. The exceptions were granted by the trial court, which also dismissed the claim as frivolous. The plaintiff appeals. We affirm.
Factual and Procedural Background
The plaintiff, Donald J. Stelly, alleges that he was indicted in March 1991 in Evangeline Parish. He contends that the grand jury foreman was selected by Judge Preston Aucoin in February 1991 pursuant to the method of selection set forth in La.Code Crim.P. art. 413(B)[1] as it existed at the time. This method, he contends was unconstitutional due to racial discrimination.
The plaintiff, appearing before the court in proper person, does not make traditional post-conviction relief claims. Rather, he asks in his petition that the court declare the former La.Code Crim.P. art. 413(B) unconstitutional. He also asks for civil damages related to his incarceration, along with a dismissal of the charges against him and a reversal of his felony conviction. Named as defendants in the 12original petition, filed February 2, 2000, were “the State of Louisiana through the Attorney General Richard P. Ieyoub” and “Evangeline Parish.”
In June 2000, the attorney general filed an Exception of No Cause of Action, contending that the attorney general was not an appropriate defendant and arguing that, while a constitutional attack on a statute requires notice to the attorney general, it “is not an indispensable party to such an action, irrespective of how the constitutionality of a statute is challenged.” At a June 30, 2000 hearing, the trial court agreed, sustaining the attorney general’s exception.
The plaintiff twice amended the original petition. In June 2000, prior to the hear *1208 ing on the attorney general’s exception of no cause of action, the plaintiff filed an amendment, naming several additional defendants, including the governor, president of the senate, speaker of the house, the district judge presiding over the grand jury, and an assistant district attorney. After the June 30 hearing, on August 18, 2000, the plaintiff again amended his petition, requesting the removal of the attorney general as a defendant and naming, as an additional defendant, Wayne Morein, Sheriff of Evangeline Parish.
Thereafter, on September 1, 2000, Sheriff Morein filed exceptions of prescription and no cause of action. The exceptions were granted by the trial court in an order, filed September 15, 2000, wherein the trial court stated:
The claim filed herein is frivolous, fails to state a claim upon which relief can be granted (a cause of action) and is prescribed. In accordance with La.R.S. 15:1188, the claim is ordered dismissed.
The plaintiff appeals, presenting the following issues for review in his brief to this court:
|g-l. Whether the 13th Judicial District Court has jurisdiction to use summary judicial review, pursuant to La.R.S. 15:1188?
2. Whether plaintiff fails to state a claim upon which relief can be granted?
3. Whether prescri[p]tion has prescribed from a continuous tort injury?
Discussion
Cause of Action — Attorney General
We first address the question of whether the plaintiffs petition alleged a cause of action against the attorney general. We conclude that it does not.[2]
Although the plaintiffs petition is unclear as to the precise claim made and the remedy sought, it is clear that, in some degree, the plaintiff questions the constitutionality of former La.Code Crim.P. art. 413(B). Explaining the attorney general’s role in cases involving a constitutional attack on the state’s laws, La.R.S. 49:257(B) provides:
Notwithstanding any other law to the contrary, the attorney general, at his discretion, shall represent or supervise the representation of the interests of the state in any action or proceeding in which the constitutionality of a state statute or of a resolution of the Legislature is challenged or assailed.[3]
In Vallo v. Gayle Oil Co., Inc., 94-1238, p. 7 (La.11/30/94); 646 So.2d 859, 864, the Louisiana Supreme Court referenced both La.R.S. 49:257(B) and La.Code Civ.P. art. 1880,[4] and stated that “[ijrrespective of *1209 how the constitutionality of a statute is challenged, the attorney general is not an indispensable party.” The court explained:
When the constitutionality of a statute, ordinance or franchise is assailed in a declaratory judgment action the attorney general must be served with a copy of the proceeding and he is entitled to be heard and/or, at his discretion, to represent or supervise the representation of the interests of the state in the proceeding. ... In all other proceedings in which the constitutionality of a statute, ordinance or franchise is assailed, the attorney general should be served notice and/or a copy of the pleading and, at his discretion, be allowed to be heard and to represent or supervise the representation of the interest of the state in the proceeding.
Id. (Citations omitted.)
It is clear, not only from the statute, but also from the discussion in Vallo, that the attorney general has the discretion whether to appear in a suit questioning the constitutionality of a statute. If a plaintiff is permitted to name the office as a party, in what appears to be at least partially a declaratory judgment action, the attorney general would no longer have the discretion whether to appear, undermining the statutory scheme. Accordingly, there was no error in the trial court’s determination that no cause of action existed against the attorney general.
| rExceptions of No Cause of Action/Prescription — Sheriff
The plaintiff argues that the trial court erred in granting the exceptions of no cause of action and prescription in favor of Wayne Morein, Sheriff of Evangeline Parish. As for the exception of no cause of action, the plaintiff argues only generally with regard to the constitutionality of the grand jury foreman selection process at the time of his indictment. Primarily, he argues that any cause of action could not have prescribed as he was subjected to a continuing tort. In his brief, he argues that “when tortious conduct and resulting damages are of a continuing nature, prescription does not begin until the conduct causing the damages is abated.”
Whether for prescription or no cause of action, we find no error in the trial court’s grant of the exceptions. An exception of no cause of action is used to determine “whether the law affords a remedy on the facts alleged in the pleading.” Everything on Wheels v. Subaru South, 616 So.2d 1234, 1235 (La.1993). In considering the exception, the court accepts as true, the well-pleaded factual allegations of the petition and determines whether, on the face of the petition, the plaintiff is entitled to the relief sought. Id. In this case, and with regard to this defendant, the plaintiffs petition simply attacks the constitutionality of the foreman selection process at the time of his indictment. He fails, however, to allege under what theory he might recover from the Sheriff of Evangeline Parish. The fact that the Parish may have been the locale of his arrest and initial incarceration, at the time the method of selection in question was in place, does not, alone, give rise to any cause of action against the sheriff of that parish.
Neither is there any allegation of fact lending merit to his allegation that, if *1210 any cause of action existed, that it has not prescribed as it is a continuing tort. Any | ^conduct by the sheriff in this case presumably occurred approximately nine years prior to the February 2000 filing of the plaintiffs petition. For the continuing tort theory to apply, not only must damages continue to be suffered by the plaintiff, but a continuing duty must be owed to the plaintiff by the defendant and the defendant must continue to breach that duty. See In re Med. Rev. Panel for the Claim of Maria Moses, 00-2643 (La.5/25/01); 788 So.2d 1173; South Central Bell Telephone Co. v. Texaco, 418 So.2d 531 (La.1982).
Again, as pointed out in our discussion of the plaintiffs inability to state a cause of action, we see no allegation of facts supporting a conclusion that the Sheriff of Evangeline Parish owed a continuing duty to the plaintiff. Although the plaintiff points out he remains incarcerated after the initial arrest/detention by the Sheriff, he apparently is now in the custody of the Department of Corrections. Even if a cause of action had been alleged, any tor-tious action/inaction by this defendant has long since passed and no longer continues. This argument is without merit as well. Dismissal
The plaintiff next contests the trial court’s use of La.R.S. 15:1188 in dismissing his petition. The plaintiff appears to be arguing that the trial court had no authority to use the statute as the suit did not involve a grievance/complaint arising from his incarceration. He also states that “[d]ue to plaintiff being incarcerated at La. State Penitentiary the 19th Judicial District Court is the only court that can use La.R.S. 15:1188.”
La.R.S. 15:1188, a portion of the Prison Litigation Reform Act, provides:
|7§ 1188. Judicial screening
The court shall review, before docketing if feasible or, in any event, as soon as practicable after docketing, a petition in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a governmental entity. On review, the court shall identify cognizable claims or dismiss the petition, or any portion of the petition, if the petition is frivolous, is malicious, fails to state a cause of action, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief can be granted.
Bearing in mind our discussion regarding the plaintiffs failure to state a cause of action and, in general, the nature of the petition, reference to La.R.S. 15:1188 indicates that the statute was appropriately used in this case following the trial court’s review of the petition.[5] Contrary to the plaintiffs argument, the statute contains no limitation as to the appropriate judicial district nor does it appear to be limited to review of administrative rulings.[6] We find no merit in this assignment.
*1211 DECREE
For the foregoing reasons, the ruling of the trial court, dismissing the suit filed by the plaintiff, Donald J. Stelly, is affirmed.
AFFIRMED.

. In 1991, Article 413 provided, in part:
A. The grand jury shall consist of twelve persons plus a first and second alternate for a total of fourteen persons qualified to serve as jurors, selected or drawn from the grand jury venire.
B. In parishes other than Orleans, the court shall select one person from the grand jury venire to serve as foreman of the grand jury. The sheriff shall draw indiscriminately and by lot from the envelope containing the remaining names on the grand jury venire a sufficient number of names to complete the grand jury. The envelope containing the remaining names shall be replaced into the grand jury box for use in filling vacancies as provided in Article 415.

. We point out that the plaintiff amended his petition, removing the attorney general as a party following the trial court’s conclusion that the attorney general was not a proper party. Despite this action, the attorney general has filed an appellee brief in response to the plaintiff’s appeal, defending the court’s ruling. We address this question out of an abundance of caution and because the defendant generally argues that his petition states a cause of action.

. Additionally, La.R.S. 13:4448 provides:
Prior to adjudicating the constitutionality of a statute of the state of Louisiana, the courts of appeal and the Supreme Court of Louisiana shall notify the attorney general of the proceeding and afford him an opportunity to be heard. The notice shall be sent by certified mail. No judgment shall be rendered without compliance with the provisions of this Section; provided where the attorney general was not notified of the proceeding, the court shall hold adjudication of the case open pending notification of the attorney general as required herein.

.La.Code Civ.P. art. 1880 provides:
When declaratory relief is sought, all persons shall be made parties who have or *1209 claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In a proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard. If the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard.

. We have tailored our discussion to tire arguments made in response to the exceptions filed by the Sheriff of Evangeline Parish. We note that several other defendants were named, who are listed in our discussion of the factual background, and who apparently did not file exceptions on their own behalf. The plaintiff makes no argument in this regard, even though the entirety of the petition was apparently considered by the trial court in its decision to dismiss the case under the authority of La.R.S. 15:1188. For purposes of this suit, we consider only whether the face of this petition does not permit recovery from these defendants as named. Having done so, we find no error in the court’s dismissal under the statute.

. In considering the plaintiff’s concern that La.R.S. 15:1188 cannot be used by the Thirteenth Judicial District Court, we point out the statute contains no such limitation. However, reference to La.R.S. 15: 1177, part of the Corrections Administrative Remedy Procedure, indicates that, indeed, some suits *1211 brought by prisoners are appropriately filed only in the Nineteenth Judicial District Court. This, however, is not one of those suits in which a prisoner is seeking review of an administrative ruling of the Department of Corrections. Rather, this suit was filed in the jurisdiction of the plaintiff's own choosing and appears to be one in which the plaintiff is seeking, at least in part, a civil remedy, not review of an administrative ruling.