LWILLIAMS, Judge.
Plaintiffs, Wilbert Robertson et al., appeal a judgment of the district court dismissing their claims against the Attorney *864 General and ordering that the caption of their lawsuit be amended to delete the Attorney General as a party defendant. Subsequent to the filing of briefs, plaintiffs filed in this court a motion to remand. For the following reasons, we affirm the judgment of the district court and deny the motion to remand.
FACTS
On October 14, 1999, Wilbert Robertson- and a group of other inmates at Angola State Penitentiary filed suit in Caddo District Court against “the State of Louisiana through the Attorney General Richard P. Ieyoub” and Caddo Parish. Plaintiffs sought, inter alia, a judgment declaring that LSA C.Cr.P. art. 413(B) was unconstitutional due to the allegedly racially discriminatory selection of grand jury forepersons in Caddo Parish. In November 1999, plaintiffs filed an amended petition amplifying their allegations concerning the allegedly discriminatory practices in the selection of forepersons.
On January 24, 2000, the Attorney General filed an exception of no cause of action. The Attorney General argued that the plaintiffs had no cause of action against the Attorney General when challenging the constitutionality of a state statute. On February 18, 2000, the district court sustained the exception and afforded the plaintiffs 15 days to amend their petition against the Attorney General or suffer dismissal of their claims against the Attorney General with prejudice.
12Subsequently, the plaintiffs' filed two pleadings, both of which were captioned in part as a second amended petition. Both pleadings deleted from the caption the Attorney General as a defendant. The plaintiffs’ first pleading — containing mainly corrections to the first amending petition' — ■ named as defendants: “State of Louisiana; Caddo Parish, Shreveport, Louisiana; et al.” The second pleading, a complete petition, named “the State of Louisiana, and Caddo Parish within the State of Louisiana” as defendants.
However, on July 12, 2000, the plaintiffs filed a motion to compel discovery against, inter alia, the State and further the plaintiffs requested service of this pleading on the Attorney General. In response, the Attorney General filed a motion to dismiss on August 21, 2000, urging that the trial court enter an order formally dismissing with prejudice the plaintiffs’ claims against him. On that same date, the Attorney General filed a motion to change the caption of the lawsuit.
On September 15, 2000, the plaintiffs filed a brief in support of the Attorney General’s motions. The plaintiffs’ memo supported the dismissal of the Attorney General from the lawsuit and his removal from the caption. In the conclusion of their memo, plaintiffs stated:
Wherefore, the plaintiffs pray that the name of the Attorney General be excluded from the caption, and that he be excluded as a respondent and or representative in the interest of the state in these proceedings.
On September 18, 2000, the trial court signed the following judgment:
This matter came before the court on the Motion to Dismiss and Modify the Caption of These Proceedings filed by the Office of the Attorney General for the State of Louisiana, this |3court having considered the entire record and the applicable law:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the plaintiffs’ claims against Richard P. Iey-oub, Attorney General for the State of Louisiana, be and are hereby dismissed with prejudice, at plaintiffs’ cost.
*865 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the caption of these proceedings shall hereafter be reflected as Wilbert Robertson, et al versus Caddo Parish, Louisiana.
[[Image here]]
Despite the fact that the plaintiffs agreed to the dismissal of the Attorney General prior to the issuance of this order, Wilbert Robertson as “representative of class action suit” filed a motion for appeal on behalf of the plaintiffs. The trial court granted the motion for appeal with a handwritten notation:
The judgment rendered Sept 18, 2000 was not certified by this court as a final judgment pursuant to La. C.C.P. art. 1915.
The plaintiffs thereafter filed in the trial court a designation of assignment of errors stating that the plaintiffs were appealing the following alleged errors:
1. Whether the trial court erred by ordering the plaintiffs to pay costs for a situation that was vividly created by the court, the district attorney, and the attorney general?
2. Whether the trial court erred when it ordered the plaintiffs to remove the State of Louisiana as a defendant, and further ordered plaintiffs to insert: Wilbert Robertson, et al versus Caddo Parish, Louisiana, merely because the attorney general has decided not to represent the interest of the State of Louisiana?
3. Whether (sic) trial court erred when it disregarded the plaintiffs’ question of law, of whether they should continue to serve the attorney general with a copy of their future filings, in Lspite of his discretional power not to represent or supervise the representation of the interest of the State?
In their brief on appeal, plaintiffs assigned two errors:
1. The trial court abused its discretion when it removed the State of Louisiana as a named defendant in the plaintiffs’ Class-Action Suit, challenging the constitutionality of Article 413(B) of the Louisiana Code of Criminal Procedure, and then ordered the plaintiffs to insert: Wilbert Robertson, et al versus Caddo Parish, Louisiana.
2. The trial court made an erroneous factual finding when it concluded that the plaintiffs had brought claims against the attorney general, and then dismissed those claims with prejudice, at plaintiffs’ cost.
After the Attorney General filed his brief herein, the plaintiffs filed in this court a motion to remand this ease to the trial court. Plaintiffs seek the opportunity to file a third amended petition, apparently to add the State to the list of defendants.
DISCUSSION
Plaintiffs principally complain on appeal that the trial court erred by removing the State of Louisiana from the caption of their lawsuit. However, they have failed to demonstrate how they are prejudiced by the trial court’s order, nor do we perceive any prejudice therefrom.
The judgment of the trial court appealed from did not dismiss the State of Louisiana as a defendant in this case. A party may be dismissed from a lawsuit through several mechanisms, and in this case the mechanism used by the Attorney General was a motion to dismiss following an exception of no cause of action. Both of the Attorney General’s motions sought dismissal only of the Attorney General himself and did not seek dismissal of the State as a party.
|fiIn the plaintiffs’ most recent petition(s), the plaintiffs named the State of Louisiana as a defendant, but simply omitted the “through the Attorney General, Richard Ieyoub” portion of their former *866 pleadings. The trial court’s action granted the only relief sought by the Attorney General, and the plaintiffs acquiesced in the dismissal of the Attorney General from the lawsuit. No pleading has been filed, and no order has been issued, that dismisses the State of Louisiana as a party in this action. In the absence of such an order, the trial court’s order concerning the caption of this case has no effect on the status of the State as a party. For this reason, plaintiffs’ motion to remand is denied. Because the issue has not been raised in this appeal, we express no opinion concerning the sufficiency of service of process as to the State of Louisiana.
Because the plaintiffs do not challenge the dismissal of the Attorney General from this lawsuit and indeed acquiesced in that dismissal, we do not address the issues concerning that dismissal as did the third circuit recently in Stelly v. Ieyoub, 01-0755 (La.App. 3rd Cir.10/31/01), 799 So.2d 1206; LSA-C.C.P. art.2085.
We further note that the plaintiffs did not make a substantive argument in brief concerning their assignment of error regarding the trial court’s allocation of costs to them in these proceedings. U.R.C.A. Rule 2-12.4 provides, in part:
All specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed.
See also Knotts v. Snelling Temporaries, 27,773 (La.App.2d Cir.12/6/95), 665 So.2d 657. Moreover, we perceive no error in the trial court’s allocation of costs. See LSA-C.C.P. art.1920.
CONCLUSION
For the above reasons, the judgment of the trial court dismissing the Attorney General of the State of Louisiana is affirmed. The plaintiffs’ motion to remand this matter to the trial court is denied. Costs of this proceeding are assessed to plaintiffs.
AFFIRMED; MOTION TO REMAND DENIED.