903 So.2d 1137 (2005)
Catherine HENNIG
v.
ALLTEL COMMUNICATIONS, INC. and Jane Doe.
No. 05-CA-96.
Court of Appeal of Louisiana, Fifth Circuit.
May 31, 2005.
Rehearing Denied July 8, 2005.
*1138 Lisa A. Montgomery, Mandeville, LA, for Plaintiff/Appellant.
Juan J. Lizarraga, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
The trial court granted defendant's exceptions of no cause of action and no right of action, and plaintiff now appeals. We affirm.

Facts and Procedural History
Plaintiff, Catherine Hennig, filed the instant suit for damages against Alltel Communications, Inc. and an unnamed employee alleging that defendants were liable for *1139 invasion of privacy, negligence and breach of contract in releasing plaintiff's cellular phone records to plaintiff's husband without her authorization. Plaintiff alleges that Alltel's actions in releasing this information caused the breakup of her marriage in that her husband filed for a divorce on the basis of adultery shortly after obtaining the phone records. Plaintiff seeks damages from defendants for mental anguish, emotional distress, embarrassment and humiliation she sustained as a result of Alltel's release of these records.
In response to this petition, Alltel filed an answer and several exceptions, including exceptions of no cause of action and no right of action. Plaintiff filed an opposition to these exceptions, and the trial court held a hearing on this matter on April 8, 2004. On April 13, 2004, the trial court rendered judgment granting the exceptions of no cause of action and no right of action. The judgment was subsequently amended on May 24, 2004 to provide that plaintiff's petition be dismissed in accordance with La. C.C.P. art. 934.[1]
It is from this judgment that plaintiff now appeals. On appeal, she contends that defendant's exceptions should have been referred to the trial on the merits, or alternatively, she should have been given time to amend her petition to state a cause of action. She also contends that Louisiana law provides for a right and cause of action for invasion of privacy, and that the trial court erred as a matter of law in ruling that plaintiff's husband was legally entitled to view the cell phone bill as it was a community debt.

Law and Discussion
The essential function of the peremptory exception of no right of action is to provide a threshold device for terminating a suit brought by one with no legal interest to assert it, that is, to challenge the plaintiff's interest in the subject matter of the suit or his lack of capacity to proceed with the suit. Mason v. Kansas City Southern Ry. Co., 00-208 (La.App. 5 Cir. 9/26/00), 769 So.2d 1249, 1252.
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.C.C.P. art. 931. Therefore, the court reviews the petition and accepts well-pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything on Wheels Subaru, Inc., 616 So.2d at 1235.
In deciding the exception of no cause of action, the court must presume all factual allegations of the petition to be true and all reasonable inferences are made in favor of the non-moving party. Donnaud's Inc. v. Gulf Coast Bank and Trust Co., 03-427 (La.App. 5 Cir. 9/16/03), 858 So.2d 4, 7, writ denied, 03-2862 (La.1/9/04), 862 So.2d 985. In reviewing the granting of an exception of no cause of action, the appellate court should subject *1140 the case to de novo review because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition. City of New Orleans v. Board of Commissioners, 93-0690 (La.7/5/94), 640 So.2d 237, 241. See, Urban Property Co. of Louisiana, L.L.C. v. Pioneer Credit Co., 04-246 (La.App. 5 Cir. 8/31/04), 882 So.2d 1178, 1180.
Plaintiff first argues that the trial court erred in failing to refer this exception to the merits of the case and in failing to allow her to amend her petition to state a cause of action. However, the exceptions of no right and cause of action were pled in defendant's answer, and they are required to be tried and decided in advance of the trial of the case. La. C.C.P. art. 929. Plaintiff's reliance on the holding in Short v. Griffin, 95-680 (La.6/16/95), 656 So.2d 635, is misplaced. The court in that case held that where evidence on an exception of prescription was so intertwined with evidence on the merits that it would be a waste of judicial economy to try two matters in separate proceedings, referral of the exception to trial on merits was warranted. In the present case, the exceptions before the court were exceptions of no right or cause of action, rather than an exception of prescription. In addition, there has been no showing in the present case that the evidence on the exceptions urged by defendant is intertwined with evidence on the merits, and we therefore find that the holding in Short is inapplicable herein.
Further, although plaintiff sought leave to amend her petition to state a cause of action, the trial court apparently concluded that the grounds raised in the exceptions could not be removed by amendment, and her case was therefore dismissed without granting an opportunity to amend. La. C.C.P. art. 934. The right to amend a petition is qualified by the restriction that the objection be curable. Nelson v. Williams, 97-276 (La.App. 5 Cir. 9/30/97), 707 So.2d 436, 440 n. 3. Where the amendment would be a vain and useless act, such an amendment is not required by La. C.C.P. art. 934. Drennan v. Killian, 97-1120 (La.App. 5 Cir. 4/28/98), 712 So.2d 978, 981.
After a review of plaintiff's petition and the applicable law, we find no error in the trial court's refusal to allow the pleading to be amended. Plaintiff has failed to state a cause of action for which the law allows a remedy, and it is not conceivable that an additional allegation could overcome defendant's objections.
Plaintiff contends that she has stated a cause of action for invasion of privacy pursuant to the Louisiana Constitution, Art. 1, Section 5, which provides:
Every person shall be secure in his person, property, communications, houses, papers and effects against unreasonable searches, seizure or invasions of privacy.
In support of this position, plaintiff cites to several Louisiana cases in which the right to privacy has been upheld. However, plaintiff's constitutional claim is not applicable here, where defendant is a private party. Carr v. City of New Orleans, 622 So.2d 819, 822 n. 3 (La.App. 4 Cir.1993). Further, although the Louisiana Supreme court has recognized a La. C.C. art. 2315 cause of action for invasion of privacy, we find that the allegations of plaintiff's petition do not give rise to a legally enforceable cause of action.
In Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386, 1388-89 (La.1979), the Court held that the right of privacy embraces four different interests, each of which may be invaded in a distinct fashion: (1) the appropriation of an individual's *1141 name or likeness for the use or benefit of the defendant; (2) unreasonable intrusion upon the plaintiff's physical solitude or seclusion; (3) publicity which unreasonably places the plaintiff in a false light before the public; and (4) unreasonable disclosure of embarrassing private facts. Id. at 1388. An actionable invasion of privacy occurs only when the defendant's conduct is unreasonable and seriously interferes with the plaintiff's privacy interest. Id. at 1389. The reasonableness of the defendant's conduct is determined by balancing the plaintiff's interest in protecting her privacy from serious invasions with the defendant's interest in pursuing his course of conduct. Id.
In the present case, plaintiff alleges that Alltel erroneously released her cellular phone records to her husband. Although she alleges that this action constitutes a breach of contract, she fails to offer any support for this position in the contract between the parties. Further, although plaintiff alleges that the acts of Alltel constitute a tortious invasion of her privacy, we fail to find that the conduct of defendant in releasing plaintiff's phone records to her husband was unreasonable. Plaintiff and her husband were living as man and wife at the time of the disclosure, and as noted by the trial court, a spouse is legally entitled to view the records associated with a community debt.
Plaintiff also alleges that the wrongful disclosure of records resulted in the break-up of her marriage. However, by law, marriage in Louisiana is a contract. There exists no cause of action in Louisiana for recovery of physical or economic damages arising from negligent interference with contractual relations of a third party. Professional Answering Service, Inc. v. Central Louisiana Electric Co., Inc., 521 So.2d 549, 550 (La.App. 1st Cir.1988). We therefore conclude that the allegations of plaintiff's petition do not support a cause or a right of action for invasion of privacy.

Conclusion
Accordingly, for the reasons assigned herein, the judgment of the trial court granting defendant's exceptions and dismissing the suit of plaintiff Catherine Hennig is affirmed. Plaintiff is to bear all costs of this appeal.
AFFIRMED.
NOTES
[1] The original judgment submitted by defendants included language that "plaintiff's petition be dismissed at her costs." The trial court crossed out this language and signed the judgment. Plaintiff sought review of this ruling on the basis that she should have been granted leave to amend her petition pursuant to La. C.C.P. art. 934. By Writ No. 04-C-545 rendered on May 18, 2004, this Court granted the writ and remanded the case to the trial court, ordering the court to comply with the provisions of La. C.C.P. art. 934. Thereafter, the trial court amended the judgment to provide that plaintiff's suit be dismissed.