930 So.2d 196 (2006)
Blanche Marie ESCHETE
v.
Della HILDEBRAND, et al.
No. 06-CA-18.
Court of Appeal of Louisiana, Fifth Circuit.
April 25, 2006.
*198 Edward T. Diaz, Attorney at Law, Golden Meadow, Louisiana, for Plaintiff/Appellant.
Christopher R. Phillip, Law Office of Christopher R. Phillip Lafayette, Louisiana, for Defendants/Appellees.
John D. Carter, Gerald J. Nielsen, Nielsen Law Firm, L.L.C., Metairie, Louisiana, for Defendants/Appellees.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
MARION F. EDWARDS, Judge.
Plaintiff/appellant, Blanche Marie Eschete ("Eschete"), appeals a judgment of the district court granting an Exception of No Right of Action and No Cause of Action in favor of defendant/appellee, the Town of Grand Isle ("Grand Isle").
Eschete was an employee of Grand Isle beginning on June 6, 1998. On January 12, 2000, a wax stripping machine that she was operating in the course of her employment malfunctioned and jerked her body, causing injuries. Eschete attempted to continue work, but in June of 2000 ceased employment due to severe pain. Her workers' compensation claim was handled by Risk Management, but later transferred to Della Hildebrand ("Hildebrand"), who terminated her compensation benefits, based on an allegation of fraud. Eschete disputed the allegation, stating that she had fully disclosed her medical status at the time she applied for the job.
In the workers' compensation proceedings, the court denied the defense of fraud and awarded compensation, plus attorney's fees for the arbitrary discontinuance of payments. That determination was affirmed on appeal to this Court, although we set aside the portion of the judgment awarding penalties and attorney's fees.[1]
After the opinion became final, Eschete filed the current petition against Grand Isle, Risk Management, and Hildebrand for damages, alleging that they intended to deprive her of compensation benefits. The petition sought damages for libel and slander, citing portions of the answers filed by Grand Isle as well as portions of the pleadings filed in the appellate courts. Eschete claimed that, until October 2002 when the Louisiana Supreme Court denied writs on our opinion, friends, neighbors, and family were discussing how she had committed a fraud on the town of Grand Isle. Eschete averred that she was obliged to place ads in the local media in an attempt to dispel accusations of fraud and that she still suffers the effects of this action. She contended that the allegations of fraud were made in bad faith and that "[t]he negligent continuing in the allegations of Fraud proves that they were done with Malice aforethought."
Eschete claimed that Grand Isle and Hildebrand were guilty of gross negligence.
Grand Isle, Hildebrand, and Risk Management filed Peremptory Exceptions of Prescription, which were denied by the trial court based on a supplemental and amending petition. In that pleading, Eschete averred that her claim was not actionable until the denial of writs by the Louisiana Supreme Court in October 2002.
*199 Subsequently, Grand Isle filed Exceptions of No Right of Action and No Cause of Action, claiming immunity from the claims under LSA-R.S 23:1208.2. Hildebrand and Risk Management joined in the exceptions. Following a hearing, the trial court granted the exceptions as to Grand Isle, finding that Eschete's exclusive remedy is limited to workers' compensation.
On appeal, Eschete claims that the allegations of fraud were unnecessary and separate from Grand Isle's attempt to terminate compensation benefits as a reasonable controversion of the claim. Eschete avers that there is a fundamental question as to whether the government employer may "summarily terminat[e]" the employee's reputation by falsely accusing her of fraud without a hearing. She urges that such hearings are normally afforded employees "in employment-related matters, especially in terminations for cause," and in such cases, the municipality does not enjoy total immunity.
In her petition, Eschete urges that she successfully disproved the allegations of fraud in this Court, where we stated in the original opinion that she did not make false statements and that she had given Grand Isle enough truthful information for it to conduct a further investigation of her former injuries before it hired her. Eschete suggests that this finding, along with the finding of the trial court that Grand Isle was arbitrary and capricious, is the basis for her current libel action.
In reviewing a trial court's ruling sustaining an exception of no cause of action, the reviewing court conducts de novo review because the exception raises a question of law.[2] Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording to the plaintiff the opportunity of presenting evidence at trial. After careful examination of Eschete's forty-nine paragraph Petition as well as her supplemental and amending petition, we find that the trial court properly granted the exceptions at issue.
All of the allegations therein regarding statements made by Grand Isle and Hildebrand refer to pleadings, briefs, and argument done within the context of the workers' compensation proceedings and resultant appeals. Statements made in the course of a judicial proceeding are subject to a qualified privilege if the statements are material to the proceeding, and are made with probable cause and without malice.[3] Additionally, there is a heightened pleading requirement when suing an attorney (and/or clients) for defamation in the context of a judicial proceeding. This heightened standard requires the plaintiff to allege facts in his petition that show malice or an intent to cause direct harm to the plaintiff.[4]
The allegations of fraud, from the time of the denial of the workers' compensation claim through the denial of writs by the Louisiana Supreme Court, were made in the context of an affirmative defense. See, LSA-C.C. P. art. 1005. Despite her allegation of "malice aforethought," nowhere in the petition does Eschete allege facts to show malice or intent to cause harm outside of the context of a defense. *200 Eschete concedes as much in paragraph twenty-eight, wherein she states that she was "Defamed, Libeled, and Slandered, in a deliberate fashion, by the Actions and Inactions of the Defendants herein, separately and together, with the Purpose of Depriving Eschete of Worker's Compensation Benefits."
In finding that Grand Isle and Hildebrand were not liable for penalties and attorney's fees, we held:
Having reviewed the record, we cannot say Grand Isle behaved in an arbitrary and capricious manner. Prior to denying payment, it investigated the claim. Based on that investigation it determined that claimant had previous back and neck injuries that may have caused her injury in this case. Consequently, it seems Grand Isle did not act arbitrarily or capriciously when it denied benefits after May 1999. Thus, the employer should not be penalized for contesting whether claimant's need for medical treatment stemmed from the work-related accident.[5]
The penalty for an employer alleging fraud is encompassed in the workers' compensation statutes and is not intended to "compensate" a plaintiff and, thereby, make him whole, but rather to discourage employers, and employers' insurers', indifference toward injured employees.[6] There are no allegations that Grand Isle or Hildebrand made false or libelous statements to any entities extraneous to the compensation proceedings. Therefore, we find no error in the determination by the trial court that the petition states no cause of action.
Under LSA-C.C.P. art. 934, when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, the action, claim, demand, issue, or theory shall be dismissed. The right to amend a petition is qualified by the restriction that the objection be curable.[7] Where the amendment would be a vain and useless act, such an amendment is not required by LSA-C.C.P. art. 934.[8] On our review of the petition and the applicable law, we find no reason to order an amendment in the present case.
The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. LSA-C.C.P. art. 927(A)(5). Generally, an action can only be brought by a person having a real and actual interest which he asserts. LSA-C.C.P. art. 681. The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit.[9] The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of *201 the litigation.[10] Because the exception of no cause of action was well-taken, the court correctly granted the exception of no right of action.
For the foregoing reasons, the judgment is affirmed. Eschete is taxed with costs of these proceedings.
AFFIRMED.
NOTES
[1] Town of Grand Isle v. Eschette [sic], 02-96 (La.App. 5 Cir. 5/29/02), 820 So.2d 1122, writ denied, XXXX-XXXX (La.10/4/02), 826 So.2d 1131.
[2] Gibson v. State, 03-1112 (La.App. 5 Cir. 2/10/04), 866 So.2d 375, writ denied, XXXX-XXXX (La.4/8/05) 899 So.2d 8.
[3] Freeman v. Cooper, 414 So.2d 355 (La. 1982); Rogers v. Ash Grove Cement Co., 34,934 (La.App. 2 Cir. 11/2/01), 799 So.2d 841, writ denied, XXXX-XXXX (La, 2/8/02), 808 So.2d 351.
[4] Montalvo v. Sondes, 93-2813 (La.5/23/94), 637 So.2d 127; Rogers v. Ash Grove Cement Co., supra.
[5] Town of Grand Isle v. Eschette [sic], 820 So.2d 1122, 1129-30.
[6] See, Sharbono v. Steve Lang & Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382.
[7] Hennig v. Alltel Communications, Inc., 05-96 (La.App. 5 Cir. 5/31/05), 903 So.2d 1137.
[8] Id.
[9] World Trade Center Taxing Dist. v. All Taxpayers, Property Owners XXXX-XXXX (La.6/29/05),908 So.2d 623.
[10] Gibson v. State, supra.