973 So.2d 80 (2007)
Richard J. BRAZAN, Jr. and Paul Douglas Brazan
v.
Patrick Andrew BRAZAN, Donna Marie Brazan, Elizabeth Susan Brazan, and James Marion Brazan.
No. 07-CA-565.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2007.
*81 Louis R. Koerner, Jr., Attorney at Law, Houma, Louisiana, for Plaintiff/Appellant.
R. Ryland Percy, III, Attorney at Law, Gonzales, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Plaintiff appeals a judgment of the trial court which sustained defendants' exception of no right of action, determining that plaintiff lacks proper standing to maintain the current suit. For the reasons which follow, we vacate the ruling of the trial court and remand for further proceedings.
This appeal involves a dispute between the children of Richard Brazan, Sr.[1] Mr. Brazan owned 20% of the stock of Vacherie Maintenance and Managment, Inc. (VMM), and six of his seven children each owned 1/6 of the remaining 80% of the stock. Mr. Brazan was interdicted in 1998, and in 2001, the trial court granted the curator's petition to sell his portion of the stock to the corporation for a specified sum.
Plaintiff herein, Paul Douglas Brazan, the son of Richard Brazan, Sr., filed the instant petition in August of 2002 against his siblings, who were named as officers and members of the Board of Directors of VMM. Plaintiff alleged causes of action for breach of fiduciary duty, to annul the order approving the sale of assets and for injunctive relief.[2] Paul Brazan subsequently *82 amended this petition seeking restoration of an equal share of stock ownership in the subject corporation as well for rescission of a lease agreement between one of the officers and the corporation.
Defendants initially responded with an exception of no cause of action on the basis there were no grounds for an injunction in this matter and that plaintiff was not a shareholder of VMM and therefore could not bring an action for breach of fiduciary duty against the officers and members of the Board of Directors of the corporation. Following the death of Richard Brazan, Sr., defendants subsequently filed an amended exception of no right of action, alleging that plaintiff has no right to seek annulment of the sale of stock owned by Mr. Brazan, Sr. as such claims can only be made by the duly qualified succession representative.[3] Defendants also alleged that since plaintiff was not a shareholder of the corporation, he had no right to make a claim against defendants for breach of fiduciary duty.
By judgment rendered on November 20, 2006, the trial court sustained defendants' exception of no right of action and dismissed plaintiffs petition without prejudice. In its reasons for judgment, the court determined that since Paul Brazan was admittedly not a shareholder of VMM stock, he lacked the proper standing to bring the suit.
Plaintiff now appeals from this ruling alleging that a judgment of possession was signed on July 16, 2007 in separate succession proceedings, and that he now is in possession of this stock. Further, plaintiff alleges that as a particular legatee of certain VMM stock, the trial court erred in finding he had no right as a shareholder to bring the current action. In their brief filed in this Court, defendants no longer dispute this argument, stating that a successor is allowed to exercise rights of ownership pursuant to the provisions of La. C.C. art. 938. Defendants therefore concede that the trial court erred in sustaining their exception of no right of action.
The essential function of the peremptory exception of no right of action is to provide a threshold device for terminating a suit brought by one with no legal' interest to assert it, that is, to challenge the plaintiffs interest in the subject matter of the suit or his lack of capacity to proceed with the suit. Mason v. Kansas City Southern Ry. Co., 00-208, p. 5 (La.App. 5 Cir. 9/26/00), 769 So.2d 1249, 1252; Hennig v. Alltel Communications, Inc., 05-96, p. 3 (La.App. 5 Cir. 5/31/05), 903 So.2d 1137, 1139.
Although plaintiff contends on appeal that a judgment of partial possession rendered in the separate succession proceedings placed him in possession of a portion of the VMM stock, the appellate record in this matter fails to contain a copy of this judgment.[4] Further, although plaintiff contends that he filed a motion to supplement the record in both the present appeal as well as the appeal currently pending in the succession proceedings, no such motion *83 to supplement has been filed in either appeal. We have also reviewed the record in the succession proceedings currently lodged in this Court, and we fail to find a copy of the judgment of possession relied upon by plaintiff. Accordingly, as this is a court of record, we are unable to determine whether plaintiff has in fact been put into partial possession of the VMM stock.
Nevertheless, we find that the record in the succession proceedings which is currently lodged in this court, Succession of Richard Brazan, Sr., Appeal No. 07-CA-565, contains a copy of the last will and testament of Richard Brazan, Sr. which was probated in those proceedings. In light of the fact that defendants concede in their appellate brief filed in this case that Paul Brazan was a successor to the estate of Richard Brazan, Sr., and there appears to be no reasonable dispute as to this fact, we shall take judicial notice of the documentation of the record in the succession proceedings which is currently lodged in this Court as a result of an appeal from a judgment of the trial court.
As the testament indicates that Paul Brazan is a successor to a portion of the VMM stock held by Richard Brazan, Sr., he may exercise his rights of ownership with respect to his interests in the thing of the estate. La. C.C. art. 938. Therefore, Paul Brazan has a legal interest to act with respect to his own interest in an asset such as ownership of a stock interest, and he accordingly has a stated a right of action in these proceedings. The trial court's finding that plaintiff has no right of action in these proceedings is in error, and the judgment of the trial court is therefore vacated. The matter is hereby remanded to the trial court for further proceedings.
VACATED AND REMANDED.
NOTES
[1] As a related matter, there is a separate appeal pending from a judgment rendered by the same trial court in Succession of Richard Brazan, Sr., No. 07-CA-566. After these appeals had been docketed by this Court, plaintiff filed motions to consolidate the appeals, which were denied by both panels of this Court.
[2] According to plaintiff's petition, VMM is a closely held corporation owned in equal shares by all of the children of Richard J. Brazan, Sr. except Paul Douglas Brazan. Plaintiff states in the petition that he owns no stock in the corporation but that he was instrumental in the success of the business for many years. However, in the amended petition, plaintiff alleges that by agreement, the siblings intended to place Paul in the same position as to ownership of the VMM stock as the other shareholders.
[3] During these proceedings, Paul Brazan filed a motion for partial summary judgment as to the nullity of the sale of Mr. Brazan's stock. Although the trial court denied the motion, a panel of this Court granted Paul Brazan's writ application, finding the sale of stock to be a nullity as a matter of law and remanding the matter to the trial court for further proceedings. Brazan v. Brazan, 04-C-1047, October 12, 2004,
[4] Although the record in the present matter contains a copy of a testament executed by Mr. Brazan in 1999, the record in the succession proceedings indicates that this testament was invalidated and that the trial court probated an earlier 1990 testament.