GOTHARD, Judge.
Plaintiffs, a group of individuals employed by the City of Westwego, filed a *915 petition for declaratory judgment seeking declarations that:
1. [T]he provisions of R.S. 33:2211 and 2214 as they existed prior to July, 1986 to be applicable to the City of West-wego and to the employment of petitioners at all times since July, 1986 and continuing to date by virtue of the failure of any and all responsible parties to pre-publish notice of the introduction of any act seeking to amend the aforesaid revised statutes;
2. Act No. 671 of the 1986 Legislative Session to be a special or local law requiring pre-publication pursuant to Article III, Section 13 of the 1974 Constitution;
3. [T]he rights of the petitioners to receive backpay that otherwise would have been paid under R.S. 33:2211 and 2214 following the introduction of Act. No. 671, which were otherwise denied to them by the City of Westwego and its representatives.
In a supplemental and amending petition to the request for declaratory judgment, plaintiffs sought a mandamus directing the City to pay all back amounts due under LSA-R.S. 33:2211 and 2214 for sick leave and vacation time.
Defendant filed dilatory exceptions of improper use of declaratory judgment proceeding and improper use of summary proceeding, arguing that neither a declaratory judgment nor a mandamus action is the proper vehicle to assert a claim for monetary damages. The trial court maintained the exceptions and ordered the claim for monetary damages representing back pay stricken from the petition. The plaintiffs filed a motion to amend the judgment and/or for a new trial, requesting that the court reinstate the claim for damages and order separate trials. That motion was denied by the trial court with reasons. Plaintiffs appeal that judgment. We affirm.
LSA-C.C.P. art. 1871 provides in pertinent part, “Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed.” Art. 1878 provides that supplemental relief based on a declaratory judgment may be sought. However, jurisprudence clearly establishes that such supplemental relief cannot take the form of monetary damages. A declaratory judgment suit does not encompass monetary relief within its scope. The purpose of such an action is to establish rights of the parties or to obtain an opinion of the court on a question of law without ordering anything to be done. State Department of Transportation and Development v. Sugarland Ventures, Inc., 476 So.2d 970 (La.App. 1st Cir.1985); writ denied 478 So.2d 909 (La.1985). Consequently, the trial court did not err in maintaining the defendant’s objections.
The plaintiffs argue that even if the exceptions were properly maintained the trial court erred in dismissing the claim for monetary damages. Plaintiffs assert that the actions were improperly cumulated and the trial court should have allowed them an election of the action with which they wished to proceed. That argument is unconvincing since this is not, as plaintiffs assert, merely an instance in which two actions were improperly cumulated, but rather an instance in which a claim for monetary damages was improperly brought by summary process. As stated by the trial court in well-reasoned reasons for judgment:
The Court could not order the plaintiffs to elect which one of their improperly cumulated actions with which they wished to proceed, as provided in La. C.C.P. art. 464, because one of those actions, the claim for monetary damages, could not be brought by summary process. Thus the Court’s only remedy was to order that claim stricken form (sic) the suit for summary proceeding and allow plaintiffs to refile it as an ordinary proceeding.
The plaintiffs contend that the Court should merely order the severance of the improperly cumulated claims as the “usual solution” to the problem of improper cumulation. That solution, however, is not appropriate where, as here, *916 the claim sought to be severed cannot be brought by the method of proceeding chosen by the plaintiffs.
For the foregoing reasons, the judgment of the trial court is affirmed at appellants’ cost.
AFFIRMED.