599 So.2d 294 (1992)
Bruce CHAUVET, et al.
v.
CITY OF WESTWEGO, et al.
No. 92-C-0712.
Supreme Court of Louisiana.
May 22, 1992.
*295 PER CURIAM.
Plaintiffs, police officers employed by the City of Westwego, filed this declaratory judgment action to have the court declare ineffective the provisions of La. Acts 1986, No. 671, which purported to terminate plaintiffs' right to vacation and sick leave benefits, and to declare plaintiffs' continuing rights to these benefits under La.Rev.Stat. 33:2211 and :2214. Plaintiffs further requested supplemental relief, including a mandamus directing the City's officials to pay all past due vacation and sick leave benefits.
Defendants filed exceptions of improper use of declaratory judgment proceedings and improper use of summary proceedings. Defendants argued that a declaratory judgment action is not an appropriate procedural vehicle for a demand for damages and that a mandamus is a summary proceeding improperly used instead of an action for damages in an ordinary proceeding.
The trial judge maintained the exceptions and ordered the monetary demand stricken from the petition. The judge reasoned that seeking a writ of mandamus for payment of past due amounts, rather than for future payment of sick leave and vacation pay, was an improper use of the action for mandamus and was improperly joined with an action for declaratory relief.
Plaintiffs applied for a new trial, arguing that the trial judge, even if correct in his ruling that the actions were improperly cumulated, should have ordered separate trials rather than effectively dismissing one of the actions. The trial judge denied the motion because a demand for monetary damages cannot be brought by summary *296 proceedings, suggesting that plaintiffs refile the claim properly in an ordinary proceeding.
The court of appeal affirmed. 592 So.2d 914. On plaintiff's application, we hereby grant certiorari and reverse.
The action for declaratory judgment essentially sought a declaration of plaintiffs' right to continue receiving vacation and sick leave benefits after July 1, 1986, despite the enactment of Act 671 purporting to terminate these benefits. This was an appropriate use of a declaratory judgment action, which is designed to provide a means for adjudication of rights and obligations in cases involving an actual controversy that has not reached the stage where either party can seek a coercive remedy. 10A Charles A. Wright et al, Federal Practice and Procedure § 2751 (2d ed. 1983). A court may declare the rights of parties in order to terminate an actual controversy even if further relief is or could be claimed. La.Code Civ.Proc. art. 1871, 1875.
The demand for payment of past due benefits, although referred to as a mandamus action, was essentially a request for a mandatory injunction ordering a public official to pay past due sick leave pay and vacation pay. This request for mandatory injunction, which is generally an ordinary proceeding (as is a declaratory judgment action), was an appropriate method of demanding "further relief" under Article 1871 in the event that the court rules in plaintiffs' favor on their demand for declaratory relief.[1] It is evident that if the court rules that plaintiffs have the right to continued vacation and sick leave benefits which were discontinued upon the effective date of Act 671, plaintiffs are likewise entitled to judgment ordering the appropriate public official to pay these benefits, both past due and due in the future.[2] And if a dispute develops as to the exact amount of benefits, La.Code Civ.Proc. art. 1878 authorizes the granting of supplemental relief, after notice and hearing.
Accordingly, the judgments of the lower courts are reversed, the exceptions are overruled, and the case is remanded to the district court for further proceedings in accordance with this decision.
NOTES
[1] In Montiville v. City of Westwego, 592 So.2d 390 (La.1992), the plaintiffs filed a request for a declaratory judgment declaring their right to receive similar benefits in 1984. After declaratory relief was granted in 1987, the City failed to pay the benefits, and plaintiffs were eventually required to file a separate action to obtain payment. This latter action was met with an exception of prescription of three years. Although this court held that prescription was interrupted by the filing of the declaratory judgment action, it is obvious that judicial and client resources would not have been wasted if the plaintiffs in that case had employed the procedure utilized in the present case.
[2] The actions were properly cumulated under La.Code Civ.Proc. art. 463. There was a community of interest among the multiple plaintiffs, both actions were within the jurisdiction of the court and were brought in the proper venue, and both actions were mutually consistent and employed the same form of procedure (ordinary proceedings).