ORDER OF DISMISSAL.

On June 16, 1994, this court ordered the parties to show cause why the trial court’s judgment was a proper declaratory judgment, and why that judgment should not be vacated on the basis that declaratory judgment actions cannot be used to try issues involved in pending eases. Having reviewed the parties’ responses to the show cause order, and having considered the peculiar circumstances presented, we conclude that the judgment on the issue of prescription for purposes of medical malpractice was improperly rendered as a declaratory judgment in a separate legal action outside the pending legal malpractice action. While we are aware that the procedural articles on declaratory judgment are to be liberally construed and administered, we are also aware that those articles shall be interpreted and construed so as to effectuate their general purpose to make uniform the law of those states which enact them, and to harmonize, as far as possible, with federal laws and regulations on the subject. See LSA-C.C.P. 1883. In this regard, we note the general rule that declaratory judgment proceedings cannot be used merely to try issues, or -to determine procedural rules, involved in a pending case. A disputed question of law or procedure raised in a pending suit does not come within the letter, reason, or spirit of the Declaratory Judgment Act. See 26 C.J.S. Declaratory Judgments, Sec. 40. See also 135 A.L.R. 934. Thus, while the provisions of LSA-C.C.P. Art. 1871 state that the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate, it does not follow that declaratory relief is appropriate in instances where there exists another more appropriate remedy. Under the factual circumstances now before us, we hold that the issue of prescription should have been resolved in the legal malpractice action where it already was an essential issue, rather than in a separate declaratory action filed subsequent to the legal malpractice action.
Nevertheless, we observe that the declaratory judgment action and the legal malpractice action both were pending before the same district court and the same district judge. Accordingly, pursuant to this Court’s supervisory powers, and in the interest of judicial efficiency, we hereby hold that despite the separate suit number given to the declaratory judgment action, the petition for declaratory relief shall be construed as a pleading in the legal malpractice action for joinder of additional parties and for a decision on the issue of prescription for medical malpractice. Thus, 12the trial court’s decision declaring that the medical malpractice claim has not prescribed shall be construed as a judgment in the legal malpractice action. Of course, while such a decision on prescription would lead to a dismissal of the legal malpractice action, the judgment, in its current form, is not a proper final judgment because it does not dismiss the action, and does not constitute a partial final judgment under the provisions of LSA-C.C.P. Art. 1915. Therefore, the judgment is hereby vacated, and the cause remanded to the district court for entry of a final judgment of dismissal in Number 388,912-B, on the docket of the First Judicial District Court, Parish of Caddo.