DUFRESNE, Judge.
This is an appeal by Paul Hodgins from a partial judgment construing certain clauses in a partnership agreement at issue in an ongoing suit to dissolve that partnership. Because this judgment was not designated as final by the trial judge, after an express determination that there is no just reason to delay its appeal, as required by La.Code Civ. Pro., Art.1915, we must dismiss this matter for lack of appellate jurisdiction.
The underlying facts are that Paul Hod-gins and his brother Leo are partners in several business entities. Paul brought this action to dissolve the partnerships and for damages, alleging mismanagement, self-dealing, improper use of assets to pay personal expenses, and other ultra vires acts on the part of Leo. During the course of the litigation, Leo made several cash calls for operating capital, and when Paul did not respond, Leo “stripped down” his interests to reflect this failure to pay. Paul sought appointment of a receiver, in part to combat Leo’s allegedly improper actions in making the cash calls.
bAt a hearing on the motion to appoint a receiver, the parties agreed to submit to the trial judge for “declaratory judgment” the question of whether the partnership agreement allowed the managing partner to make cash calls and strip down the interests of those partners not responding. The trial judge ruled that these procedures were provided for in the partnership agreement, and entered a judgment to that effect. The remainder of the suit for dissolution of the partnerships and damages is still pending in the district court. As will be discussed more fully below, this is actually a partial judgment dealing with only one issue in the case. Paul now seeks appellate review of that judgment.
In general, appeals may only be taken from final judgments for which appeals are given by law, La.Code Civ. Pro., Art.2083. Interlocutory judgments are not appealable, except for those which result in irreparable harm or those specifically enumerated in La. Code Civ. Pro., Art.1915, or otherwise provided by law. In the present case, the judgment is evidently interlocutory and no showing of irreparable harm has been made so as to render it appealable on that ground. It is moreover a partial judgment in that it adjudicates only one of several issues in the case. Thus, the only way that appellate jurisdiction could be invoked is if all of the requirements of La.Code Civ. Pro., Art.1951, were met, or if an appeal is given by some other law.
On the present facts, we know of no law authorizing an immediate appeal of this judgment other than Art.1915, which in specified circumstances permits appeals from partial judgments. Specifically, section B(l) of that article provides that partial judgments are not final unless “designated as final judgments by the court after an express ^determination that there is no just reason for delay.” Section B(2) further provides that in the absence of such a designation and determination, the judgment shall not “constitute a final judgment for the purpose of an *468 immediate appeal,” and remains subject to revision in the trial court prior to rendition of a final judgment adjudicating the entire case. Because no such designation and determination has been made as to this judgment, it is not appealable. We must therefore dismiss the case for lack of jurisdiction.
We are aware of the provisions of La.Code Civ. Pro., Art. 1871, which provide that declaratory judgments may be sought, inter alia, to declare rights under a contract, whether further relief is or could be claimed, and that such judgments are final and therefore appealable, see Moody v. United National Insurance Co., 95-CA-l (La.App. 5th Cir. 5/10/95), 657 So.2d 236. However, in spite the parties’ references during the hearing to submitting the matter for a “declaratory judgment,” and the fact that this is the caption used on the judgment, it is this court’s opinion that it is not a declaratory judgment. In Chauvet v. City of Westwego, 599 So.2d 294 (La.1992), the court stated:
[The declaratory judgment action] is designed to provide a means for adjudication of rights and obligations in cases involving an actual controversy that has not reached the stage where either party can seek a coercive remedy.(At 296).
The court further indicated that the “further relief’ clause of the statute refers to relief to which plaintiff would unquestionably be entitled if the declaratory judgment were in his or her favor.
In the present matter, there is an ongoing suit seeking a coercive remedy, and raising numerous claims for relief which lie beyond the limited scope of the judgment at issue here and which are not affected by it in any kway. Moreover, no petition for such relief has ever been filed in this case. Under these facts, the judgment complained of is simply not one contemplated or authorized by La. Code Civ. Pro., Art. 1871, and we so rule. To conclude otherwise would lead to the result that in almost all cases involving writings, either conventional or statutory, any ruling interpreting such a writing, no matter how peripheral to the main issues in the case, would be rendered immediately appealable simply by styling it “declaratory judgment.” This application of the statute would lead to piecemeal litigation of the most undesirable sort, and we decline to sanction such a procedure.
For the foregoing reasons, the matter is hereby dismissed for lack of appellate jurisdiction.

APPEAL DISMISSED.