800 So.2d 406 (2001)
Pierre Valcour MILLER
v.
SEVEN C'S PROPERTIES, LLC, et al.
No. 01-543.
Court of Appeal of Louisiana, Third Circuit.
November 21, 2001.
*407 Pierre Valcour Miller, Metairie, LA, Pierre V. Miller, II, Patrick, Miller, Burnside & Belleau, New Orleans, LA, Counsel for Plaintiff/Appellant Pierre Valcour Miller.
William Joseph Mize, Robicheaux, Mize & Wadsack, Lake Charles, LA, Counsel for Defendants/Appellees Seven C's Properties, LLC, Boulet Family, LLC, Mary Edna Miller Stoebner, Dr. Richard C. Stoebner, Martin O. Miller, II, LLC, Marie Diane Miller, LLC, EKM, LLC.
Raymond Anthony Beyt, Beyt & Beyt, Lafayette, LA, Counsel for Defendant/Appellee Miller-Green Limited Partnership.
William S. Strain, Strain, Dennis, Mayhall & Bates, Baton Rouge, LA, Counsel for Defendants Republic Royalty Company, Lee & Hite, SASI Minerals Corporation.
Court composed of ULYSSES GENE THIBODEAUX, JIMMIE C. PETERS, and MICHAEL G. SULLIVAN, Judges.
SULLIVAN, Judge.
In this suit for declaratory judgment, a co-owner of immovable property seeks a determination that the repairs he proposes to make to the property's levee system are "necessary expenses" or "expenses for ordinary maintenance and repair" under La. Civ.Code art. 806, thereby entitling him to reimbursement from his co-owners in proportion to their share of ownership. The trial court dismissed the suit on exceptions *408 of no cause of action, and the Plaintiff has appealed. For the following reasons, we reverse and remand.

Procedural History
Pierre Valcour Miller, individually and as the administrator of the estate of Max Kaplan, filed suit against several Defendants alleged to be his co-owners in indivision of certain immovable property identified as the "West Club District," the "Sweeney District," and the "Baker District," all located in Cameron Parish, Louisiana.[1] Miller alleged that the levees surrounding these "districts" have been breached and/or are in need of maintenance and repairs to preserve their integrity and to prevent the encroachment of salt water. He prayed for a judgment declaring that:
the co-owner making and paying the costs of those necessary maintenance and repairs [under La.Civ.Code art. 806] to the levees ... including all costs of applying for and obtaining the necessary permits and mitigation required by the Corps of Engineers and any other regulatory bodies and/or agencies, may recover from his co-owners, as soon thereafter as said repairs have been completed and paid for, the costs expended in said repairs in proportion to a co-owner's ownership in the property.
Most of the Defendants filed exceptions of prematurity and of no cause of action.[2] Three Defendants not excepting to the suit filed an answer denying, inter alia, that the proposed repairs were necessary.[3] After a hearing, the trial court sustained the exceptions of no cause of action.

Opinion
Miller's petition for declaratory relief is based upon La.Civ.Code art. 806, which provides:
A co-owner who on account of the thing held in indivision has incurred necessary expenses, expenses for ordinary maintenance and repairs, or necessary management expenses paid to a third person, is entitled to reimbursement from the other co-owners in proportion to their shares.

If the co-owner who incurred the expenses had the enjoyment of the thing held in indivision, his reimbursement shall be reduced in proportion to the value of the enjoyment.
(Emphasis added.)
The comments to Article 806 indicate that it is a new provision, but that it expresses principles inherent in the Civil Code of 1870. The comments also refer to La.Civ.Code arts. 527 and 528 for the definition of "necessary expenses" as distinguished from "useful and luxurious expenses." Under Article 527, "necessary expenses" are "incurred for the preservation of the thing and for the discharge of private or public burdens." As explained in Comment (b) to Article 528, "useful expenses" are those that result in an enhancement of value, but are not needed for the preservation of the property. Under *409 Articles 527 and 528, an evicted possessor, whether in good or bad faith, may recover "necessary expenses," but only a good faith possessor may recover "useful expenses." Under Article 806, a co-owner may be reimbursed for both the "necessary expenses" and the "expenses for ordinary maintenance and repairs" that he has incurred. Article 806 also provides that a co-owner may be reimbursed for "necessary management expenses paid to a third person."
In granting the exceptions of no cause of action, the trial court reasoned that Article 806 must be strictly construed because it creates a new cause of action in derogation of the normal rights of co-owners. Because the article provides only for reimbursement of expenses already incurred, and because the expenses that are the subject of this suit have admittedly not yet been incurred, the trial court found that the petition failed to state a cause of action.
On appeal, Miller argues that the trial court erred in confusing whether the petition states a cause of action under Article 806, as opposed to a declaratory judgment under La.Code Civ.P. arts. 1871-83. He contends that an actual dispute exists between him and the other co-owners over the necessity of the repairs and that purpose of the declaratory judgment articles would be defeated if he were required to incur these substantial expenses while his right to reimbursement remains uncertain. Defendants reiterate their argument that there is presently no justiciable controversy under Article 806 because Miller has yet to incur any expenses. They further argue that Miller is not entitled to declaratory relief because the judgment he seeks will not end the controversy, as there will still be a dispute about the amount of the repairs, and because Miller is improperly using executory process to obtain an award of monetary damages in a declaratory judgment action.

Declaratory Judgment
La.Code Civ. P. art. 1871 provides that courts "may declare rights, status, and other legal relations whether or not further relief is or could be claimed" and that "the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." The examples of declaratory relief enumerated in La.Code Civ.P. arts. 1872 through 1874 do not limit or restrict the general powers conferred in Article 1871 in any proceeding "where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty." La.Code Civ.P. art. 1875. The purpose of the declaratory judgment articles is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal regimes, and they are to be liberally construed and administered." La.Code Civ.P. art. 1881.
If a declaratory judgment would not end the uncertainty or controversy giving rise to the proceeding, the trial court may refuse to render a such a judgment. Liberto v. Rapides Parish Police Jury, 95-456 (La.App. 3 Cir. 11/2/95); 667 So.2d 552; La.Code Civ.P. art. 1876. The trial court is given wide discretion in deciding whether to grant or refuse declaratory relief, and on appeal, the standard of review is whether or not the trial court abused this discretion. Liberto, 667 So.2d 552.

No Cause of Action
"The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. It questions whether the law provides a remedy to the plaintiff against the defendant for the complaints set forth in the *410 petition." Batiste v. Webre, 00-323, p. 3 (La.App. 3 Cir. 11/27/00); 774 So.2d 1035, 1038, writ denied, 01-296 (La.3/30/01); 788 So.2d 1192. All well-pleaded allegations must be assumed as true, and any doubt is to be resolved in favor of the petition. Dazet v. French Market Homestead, 533 So.2d 115 (La.App. 4 Cir.1988).

Justiciable Controversy
As the supreme court explained in American Waste & Pollution Control Co. v. St. Martin Parish Police Jury, 627 So.2d 158, 161 (La.1993) (citations omitted) (emphasis added):

Due to its nature, declaratory relief makes it possible to adjudicate a grievance at an earlier time than would otherwise be allowed. The purpose of the judgment is to settle and afford relief from uncertainty and insecurity, at times, before damages arise and the need for traditional remedies occurs. It is available to a party when the action meets the rules governing ordinary proceedings, and grounds for discretionary refusal to grant the declaration do not exist. Like actions for conventional judgments, basic to the exercise of procedures for declaratory relief, the action must present a justiciable controversy.
In Abbott v. Parker, 259 La. 279, 249 So.2d 908, 918 (1971), the supreme court offered the following considerations for determining when a justiciable controversy exists:
A "justiciable controversy" connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relation of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of conclusive character. Further, the plaintiff should have a legally protectable and tangible interest at stake, and the dispute presented should be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.
After reviewing Miller's petition, we find that it does present a justiciable controversy. The record reflects that a real and substantial dispute exists among the co-owners as to the necessity of the levee repairs. If the proposed repairs are deemed to be "necessary expenses" or "expenses for ordinary maintenance and repairs," then the co-owners are obligated for reimbursement of those expenses under Article 806. Thus, a declaration as to the necessity of the repairs will determine the rights and obligations of the parties under the law.
Defendants argue that allowing Miller's suit to proceed amounts to an unauthorized use of executory process and that "there is no way at this stage to determine whether the proposed expenses are reasonable and necessary." We disagree. "A suit for declaratory judgment is an ordinary, not a summary proceeding. Accordingly, the procedures for a trial in an ordinary proceeding apply." Bergen Brunswig Drug Co. v. Poulin, 93-1945, p. 5 (La.App. 1 Cir. 6/24/94); 639 So.2d 453, 456 (citations omitted). Additionally, La. Civ.Code art. 1879 provides: "When a proceeding under Articles 1871 through 1883 involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending."
Thus, the trial court would determine whether or not the levee repairs are "necessary expenses" or "expenses for ordinary maintenance and repair" based upon evidence presented by all parties. Presumably, *411 this evidence would address the present condition of the property, the type and extent, including the cost, of the proposed repairs, and the benefits to be derived therefrom. A declaratory judgment at this stage would end the present uncertainty as to the necessity of the repairs. A declaratory judgment would also prevent the possibility of one co-owner proceeding with the repairs, only to be denied reimbursement based upon a later finding that the repairs are not those contemplated under Article 806, while the other co-owners reaped the benefits of the improvements. If, as Defendants argue, a dispute would still exist as to the costs of repairs, that issue could be addressed in an application for supplemental relief, as discussed below.

Monetary Relief
Defendants also argue that the trial court did not err in dismissing the petition because it improperly seeks an award of monetary damages in a suit for declaratory judgment.
In Schmill v. St. Charles Parish, 96-894, p. 10 (La.App. 5 Cir. 3/12/97); 692 So.2d 1161, 1166 (citations omitted) (emphasis added), the court recognized:
An action for declaratory relief is designed to provide a means for adjudication of rights and obligations in cases involving an actual controversy that has not reached the stage where either party can seek a coercive remedy. Generally, the purpose of a declaratory judgment pursuant to LSA-C.C.P. arts. 1871 et seq. is simply to establish the rights of the parties or to express the opinion of the court on a question of law without ordering anything to be done.

However, LSA-C.C.P. art. 1878 provides that "further relief based on a declaratory judgment or decree may be granted whenever necessary or proper."
In Chauvet v. City of Westwego, 599 So.2d 294 (La.1992), police officers sought a judgment declaring the invalidity of a statute terminating their right to sick leave and vacation benefits and ordering the payment of past benefits withheld under that statute. Although the trial and appellate courts struck the claim for past benefits as an improper demand for monetary damages in a declaratory judgment action, the supreme court reversed, holding that the claim for past benefits was, in effect, a request for a mandatory injunction. The supreme court further stated that "if a dispute develops as to the exact amount of benefits, La.Code Civ.Proc. art. 1878 authorizes the granting of supplemental relief, after notice and hearing." Id. at 296.
In the present case, Miller prayed for a judgment declaring that he "may recover from his co-owners, as soon thereafter as said repairs have been completed and paid for, the costs expended in said repairs in proportion to a co-owner's ownership in the property." To the extent that this language represents a demand for monetary damages, the trial court was correct in disallowing it. However, we find that the trial court should not have dismissed the action, as it otherwise presents a claim for declaratory relief.

Decree
For the above reasons, the judgment of the trial court is reversed and the case remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to Defendants-Appellees.
REVERSED AND REMANDED.
NOTES
[1] Named as Defendants were Seven C's Properties, LLC; Miller-Green Limited Partnership; Boulet Family, LLC; Mary Edna Miller Stoebner, individually, and with Dr. Richard Stoebner as trustees of various Stoebner family trusts; Martin O. Miller, II, LLC; Marie Diane Miller, LLC; EKM, LLC; Gerald and Hope Kaplan; Thomas and Mary Rollins; Charles and Susanne Hooper; Republic Royalty Company; Lee & Hite; and Sasi Minerals Corporation.
[2] Defendant Miller-Green Limited Partnership also filed an exception of improper venue. Although counsel for both sides argued this exception before the trial court, the trial court did not rule on it.
[3] The Defendants filing an answer were Republic Royalty Company, Lee & Hite, and Sasi Minerals Corporation.