CHAISSON, J. 11 Bruce A. O’Krepki, Independent Executor of the Succession of Richard E. O’Krepki, appeals the December 15, 2016 judgment of the trial court denying Bruce O’Krepki’s dilatory exception of prematurity and ordering Penelope O’Krepki to be placed in possession of certain legacies made to her under the Last Will and Testament of Richard E. O’Krepki. For the reasons that follow, we find that the judgment on appeal is a partial judgment that has not been designated as, final pursuant to La. C.C.P. art, 1915(B), and this Court therefore currently lacks appellate jurisdiction to address the merits of the appeal. Accordingly, we dismiss this appeal without prejudice and remand the matter to the trial court for further proceedings. FACTS AND PROCEDURAL HISTORY The facts of this succession dispute remain largely unchanged from our review of this case in O’Krepki v. O’Krepki, 16-50 (La,. App. 5 Cir. 05/26/16), 193 So.3d 574. On October 28, -2016, Mrs. O’Krepki filed a petition to be placed in possession of four usufructuary legacies left to her in Richard. O’Krepki’s will, Bruce O’Krepki filed an opposition to this petition as well as a dilatory exception of prematurity. The trial court held a hearing on the petition and the exception on November 15, 2016, and on December 15, 2016 entered a Partial Judgment of Possession overruling Bruce O’Krepki’s dilatory exception of prematurity and granting Mrs. O’Krepki’s petition to be placed in possession of the four usufruc-tuary legacies. On January 13, Bruce O’Krepki filed a motion for suspensive appeal of the partial judgment of possession which the trial court granted. LAW AND ANALYSIS This- Court cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. Jackson v. Sumlin, 16-96 (La. App. 5 Cir. 07/07/16), 196 So.3d 902, 903 (citing Input/Output Marine Sys. v. Wilson Greatbatch Techs., Inc., 10-477 (La. App. 5 Cir 10/29/10), 52 So.3d 909, 915). La. C.C.P. art. 1915(B) provides, in pertinent part: (1) When a court renders a partial judgment ... as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay." (2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to the rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties. Upon review of the record, we find that the judgment appealed is not a valid, final judgment and, therefore, this . Court lacks jurisdiction to consider the merits of Bruce O’Krepki’s appeal. While the December 15, 2016 judgment placed Mrs. O’Krepki in possession of the four legacies bequeathed to her in Richard O’Krepki’s testament, there remain outstanding contested issues in the Succession of Richard O’Krepki and Mrs. O’Krepki’s consolidated case against Bruce O’Krepki. Bruce O’Krepki did not request that the trial court make a determination and designation that the judgment was final for purposes of immediate appeal pursuant to La. C.C.P. art. 1915(B), arid the record does not reflect that any such determination or designation was made by the trial' court. Since the trial court rendered a partial judgment as to less than all of the issues of the parties, and the judgment has not been designated as a final judgment by the trial court after an express determination that there is no just reason for delay, the December 15, 2016 judgment is not a final judgment under La. C.C.P. art. 1915, and is not appealable as one “... in which appeals are given by law” under La. C.C.P. art. 2083. Claiborne Medical Corp. v. Siddiqui, 12-759 (La. App. 5 Cir. 2/28/13), 113 So.3d 1109, 1112; Laviolette v. Dubose, 07-916 (La. App. 5 Cir. 3/25/08), 983 So.2d 160,162. DECREE Accordingly, we dismiss this appeal without prejudice and remand the matter to the trial court for further proceedings. APPEAL DISMISSED; CASE REMANDED