CHAISSON, J.
On October 8, 2014, Beatrice Addison, individually and in her capacity as administratrix of the estate of Marshall Miller (her brother), filed a petition for damages in the 24th Judicial District Court against *1200 Maison Deville Nursing Home of Harvey, LLC, and its insurer. According to the petition, the decedent, Mr. Miller, was a resident at Maison Deville on September 1, 2012, when he was injured in a cigarette-related fire. He died from those injuries a few months later on November 23, 2012. In addition to general negligence claims, Ms. Addison also made a medical malpractice claim against defendants which was heard by a medical review panel. In response to the petition, defendants filed a peremptory exception of prescription in which they argued that Ms. Addison's claims of general negligence, wrongful death, and negligent administration of medication were prescribed. Following a March 13, 2018 hearing on the motion, the trial court rendered judgment on March 21, 2018, sustaining defendants' exception of prescription and dismissing Ms. Addison's claims of general negligence, wrongful death, and negligent administration of medication with prejudice. Ms. Addison's medical malpractice claims have not been dismissed.
Under La. C.C.P. art. 1915(B), when a court sustains an exception in part as to one or more but less than all of the claims against a party, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay. In the absence of such a determination and designation, the decision shall not constitute a final judgment for the purposes of an immediate appeal.
All parties acknowledge that the judgment sustaining defendants' exception did not dismiss Ms. Addison's medical malpractice claims. This judgment is therefore a partial final judgment, and because the trial court has made no designation as required under La. C.C.P. art. 1915(B), this court has no appellate jurisdiction to consider the merits of the trial court's ruling. An appeal may be dismissed at any time for lack of jurisdiction of the appellate court. La. C.C.P. art. 2162 ; O'Krepki v. O'Krepki , 17-130 (La. App. 5 Cir. 10/25/17), 229 So.3d 647.
DECREE
We dismiss this case without prejudice and remand the matter to the district court for further proceedings.
APPEAL DISMISSED; CASE REMANDED