ERIC R. EHLENBERGER, M.D.

VERSUS

GUARDIAN MEDICAL GROUP, LLC &
SIDNEY ABUSCH, C.P.A.

NO. 19-CA-446

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 729-683, DIVISION "O"
HONORABLE DANYELLE M. TAYLOR, JUDGE PRESIDING

May 29, 2020

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and John J. Molaison, Jr.

**APPEAL DISMISSED; JUDGMENT VACATED PURSUANT TO OUR**
**SUPERVISORY JURISDICTION; REMANDED**
    **RAC**
    **MEJ**
    **JJM**

COUNSEL FOR PLAINTIFF/APPELLEE,
ERIC R. EHLENBERGER, M.D.
    Julie U. Quinn

COUNSEL FOR DEFENDANT/APPELLANT,
GUARDIAN MEDICAL GROUP, LLC & SIDNEY ABUSCH, C.P.A.
    Anthony L. Glorioso

**CHAISSON, J.**

For the following reasons, we dismiss this appeal.  However, pursuant to our supervisory jurisdiction, we vacate the judgment of the trial court, and remand the case for proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY

Dr. Eric Ehlenberger filed a petition for damages on August 6, 2013, against Guardian Medical Group, LLC  (Guardian) and Sidney Abusch, C.P.A.  In his petition, he alleged that he was an employee of defendants and that they withheld federal and state taxes from his pay but failed to properly remit those taxes to the taxing authorities.  Dr. Ehlenberger did not request declaratory relief in his petition.  On September 24, 2013, defendants filed their answer denying many of Dr. Ehlenberger's allegations.  On February 12, 2016, Guardian filed a reconventional demand against Dr. Ehlenberger for damages and breach of contract for purported violations of a confidentiality agreement and unauthorized use of confidential patient information.  On November 26, 2018, Dr. Ehlenberger filed a "Motion for a Declaratory Judgment" regarding his employment status, seeking to have the court declare that he was an employee of Guardian during the years 2009 and 2010.  Defendants opposed this motion both on the merits (disputing Dr. Ehlenberger's status as an employee) and by arguing that a "motion for declaratory judgment" is an inappropriate procedural vehicle to determine this disputed factual issue.

Following a hearing on the motion, the trial court issued a judgment on March 28, 2019, granting the motion and declaring Dr. Ehlenberger to have been an employee of Guardian from October 1, 2008, until May 10, 2010.  Guardian filed a motion for a new trial in which it argued that a new trial was warranted because new evidence had been discovered.  Additionally, Guardian again argued that the claim for declaratory relief required a trial on the merits where each party

had an opportunity to present evidence in a form other than verified pleadings and affidavits. The motion for a new trial was denied. Defendants initially filed a notice of intent to file for supervisory writs, but subsequently, citing La. C.C.P. art. 1871, filed a devolutive appeal on the basis that "a judgment granting declaratory relief has the force and effect of a final judgment or decree."

On appeal, defendants argue that the trial court erred when it allowed Dr. Ehlenberger to proceed by summary hearing on a "motion for declaratory judgment," rather than proceeding by a trial on the merits. In his reply brief, Dr. Ehlenberger argues that this Court lacks jurisdiction to hear the appeal because the March 28, 2019 judgment is not a final judgment under La. C.C.P. art. 1915(A) and had not been properly certified as a partial final judgment under La. C.C.P. art. 1915(B). Dr. Ehlenberger also argues that defendants waived any objection to the improper use of summary proceedings when they failed to file an exception in the lower court. Finally, he argues that the motion for declaratory judgment is a proper procedure for resolving this dispute, but, if it is not, that this Court should look beyond the title of the motion, as being one for declaratory judgment, and consider it as a motion for summary judgment, for which summary proceedings are proper.

DISCUSSION

We consider first our jurisdiction to hear this appeal. An appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court. La. C.C.P. art. 2082. A final judgment is appealable in all cases in which appeals are given by law, while an interlocutory judgment is appealable only when expressly provided by law. La. C.C.P. art. 2083. An interlocutory judgment does not determine the merits, but only preliminary matters in the course of the action, while a final judgment determines the merits in whole or in part. La. C.C.P. art. 1841.

The declaratory judgment action is designed to provide a means for adjudication of cases involving an actual controversy that has not yet reached a stage where either party can seek a coercive remedy. *Chauvet v. City of Westwego*, 599 So.2d 294, 296 (La. 1992). In cases where it is appropriate, a court may declare the rights of parties in order to terminate an actual controversy even if further relief is, or could, be claimed. *Id.* Generally, the purpose of a declaratory judgment pursuant to La. C.C.P. arts. 1871 *et seq.*, is simply to establish the rights of the parties or to express the opinion of the court on a question of law without ordering anything to be done. *Schmill v. St. Charles Par.*, 96-894 (La. App. 5 Cir. 3/12/97), 692 So.2d 1161, 1166. When a proceeding on a declaratory judgment involves the determination of an issue of fact, the declaratory judgment can be rendered only after holding a trial on the merits where each party has an opportunity to present evidence in a form other than verified pleadings and affidavits. *Reyes v. S. Envtl. of LA*, 13-380 (La. App. 5 Cir. 12/19/13), 131 So.3d 450, 454; La. C.C.P. art. 1879. The declaration has the force and effect of a final judgment or decree. La. C.C.P. art. 1871.

The March 28, 2019 judgment declares Dr. Ehlenberger's status as an employee from 2008 to 2010, and under both La. C.C.P. art. 1871 and La. C.C.P. art. 1841, should be considered a final judgment that resolves a dispute at the heart of both Dr. Ehlenberger's original claims and the defendants' reconventional demands. However, because this judgment does not determine the merits of the parties' dispute in whole, and resolves only one of several issues in this case, it is only a partial final judgment. La. C.C.P. art. 1915 states the procedure for appeals from partial final judgments:

> A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
(6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).

B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

C. If an appeal is taken from any judgment rendered under the provisions of this Article, the trial court shall retain jurisdiction to adjudicate the remaining issues in the case.

Section A of this article enumerates a list of partial final judgments which are immediately appealable, while Section B allows for the appeal of partial judgments only when they have been designated as a final judgment by the trial court after an express determination that there is no just reason for delay. This Court has previously found that a declaratory judgment rendered by the trial court during the course of an ongoing suit was not immediately appealable because the trial court failed to designate that partial judgment as final as required by La. C.C.P. art. 1915(B). *Hodgins v. Hodgins*, 98-1009 (La. App. 5 Cir. 1/26/99), 726 So.2d 466, 468. It is undisputed in this case that the trial court never certified the

judgment in question as final, and therefore we lack jurisdiction to consider this appeal. Accordingly, we dismiss this appeal.

A court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, according to the discretion of the court. *Herlitz Const. Co., Inc. v. Hotel Inv'rs of New Iberia, Inc.*, 396 So.2d 878 (La. 1981). We exercise our supervisory jurisdiction now to address the use of a "motion for declaratory judgment" in these proceedings to address the discrete factual issue of whether Dr. Ehlenberger was an employee of defendants. In *Tyler v. Grantham*, 26,678 (La. App. 2 Cir. 7/21/94), 641 So.2d 632, 633, the Court noted that there is a "general rule that declaratory judgment proceedings cannot be used merely to try issues … involved in a pending case. … [W]hile provisions of La. C.C.P. art. 1871 state that the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate, it does not follow that declaratory judgment is appropriate in instances where there exists another more appropriate remedy." This reasoning is supported by La. C.C.P. art. 1876, which states a court may refuse to render a declaratory judgment or decree where such judgment or decree, if rendered, would not terminate the uncertainty or controversy giving rise to the proceeding. The trial court's partial judgment in this case declaring Dr. Ehlenberger's employment status did not terminate the uncertainty or controversy giving rise to this proceeding; there remain outstanding disputed issues of fact and questions of law yet to be resolved on both the primary demand and the demands in reconvention. The proper procedural vehicle to resolve the disputed employment issue in this case is a motion for partial summary judgment. Accordingly, we vacate the procedurally improper March 28, 2019 declaratory judgment rendered by the trial court.

CONCLUSION

We dismiss this appeal for lack of proper certification of a partial final judgment as required under La. C.C.P. art. 1915(B). Nevertheless, exercising our supervisory jurisdiction, we vacate the March 28, 2019 judgment of the trial court rendered on a procedurally improper motion for declaratory judgment, and remand this case for further proceedings consistent with this opinion.

**APPEAL DISMISSED;
JUDGMENT VACATED PURSUANT
TO OUR SUPERVISORY
JURISDICTION; REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MAY 29, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

## 19-CA-446

**E-NOTIFIED**

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DANYELLE M. TAYLOR (DISTRICT JUDGE)
JULIE U. QUINN (APPELLEE)                    JUSTIN E. ALSTERBERG (APPELLEE)

**MAILED**

ANTHONY L. GLORIOSO (APPELLANT)
ATTORNEY AT LAW
412 DOLHONDE STREET
GRETNA, LA 70053