SUCCESSION OF LEONE ITTMANN FLAKE

NO. 22-CA-91

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 805-656, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

November 30, 2022

**HANS J. LILJEBERG**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and Hans J. Liljeberg

**MOTION TO DISMISS APPEAL GRANTED;**
**REMANDED**
    **HJL**
    **SMC**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

PLAINTIFF/APPELLANT,
CURATOR AND HEIR A. MARK FLAKE, SR.
    Alan Mark Flake, Sr.

COUNSEL FOR PLAINTIFF/APPELLEE,
DIANA FLAKE BAKER
    Justin E. Molaison
    Harold E. Molaison

COUNSEL FOR PLAINTIFF/APPELLEE,
WENDY FLAKE DEBRAM
    Jack A. Tittle, Jr.

**LILJEBERG, J.**

The executor of this succession, who is also a legatee and heir, seeks review of the trial court's August 16, 2021 judgment, upholding the validity of a legacy, denying his Supplemental and Amending Petition, and granting a Petition for Possession. Another legatee and heir has filed a Motion to Dismiss the Appeal. Finding that the judgment is not a final, appealable judgment, we grant the Motion to Dismiss Appeal and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Leone Ittmann Flake ("Ms. Flake") was born on January 12, 1938, and passed away on March 16, 2020. On April 8, 2020, the decedent's son, Alan Mark Flake ("Alan"), filed a Petition to Appoint Independent Administrator, seeking to probate Ms. Flake's notarial will, executed on September 7, 2019, leaving all of her property to her three children, Diana Flake Baker ("Diana"), Alan, and Wendy Flake DeBram ("Wendy").[1] The testament provides that full ownership of the property at 433 Greenmount shall be given to Wendy, full ownership of the property at 3713 Wanda Lynn Drive shall be given to Alan, and the percentage of ownership of 3701 Wanda Lynn Drive, valued in the amount of the combined appraised values of 433 Greenmount Drive and 3713 Wanda Lynn Drive, shall be given to Diana.

Believing that her interest in 3701 Wanda Lynn exceeded the value of the property at 433 Greenmount and 3713 Wanda Lynn, Ms. Flake indicated in her testament that Diana would receive one-third of the remaining value of Ms. Flake's interest in 3701 Wanda Lynn Drive, Wendy would receive the percentage of ownership of 3701 Wanda Lynn representing one-third of the value exceeding the appraised value of 433 Greenmount, and Alan would receive the percentage of

---

[1] Although the testament indicates that Ms. Flake bequeathed her entire estate to her three children, it also provides that the first $20,000 of Diana's share of the remaining funds after bills are paid shall be given to Diana's son, James Michael Baker.

ownership of 3701 Wanda Lynn representing one-third of the value exceeding the appraised value of 3713 Wanda Lynn. The testament further provides for the distribution of other assets, including immovable and movable property.

The trial court signed an Order on August 5, 2020, providing that the September 7, 2019 testament be probated and appointing Alan as the testamentary executor of Ms. Flake's estate. Alan filed a Supplemental and Amended Descriptive List of Assets and a First Tableau of Distribution on November 12, 2020. On November 20, 2020, Alan and Wendy filed a Petition for Partial Possession, seeking to have the legatees placed into possession of the estate's immovable property only.

On December 14, 2020, Diana filed an Opposition to Petition for Partial Possession and a Petition to Annul Probated Notarial Testament, alleging that the September 7, 2019 testament was the product of undue influence on Ms. Flake by Alan and challenging the testamentary capacity of Ms. Flake at the time she executed it. She also asserted that a prior testament executed by Ms. Flake on March 3, 2019, should be granted the full effect of probate, and she noted that this testament provided for "an even one-third split" of all of Ms. Flake's immovable property. The trial court signed a written judgment dismissing Diana's Petition to Annul Probated Testament, with prejudice, on April 1, 2021.

On April 5, 2021, Diana filed a Petition for Possession, requesting that the legatees and heirs be placed into possession of all of the assets of the estate in accordance with Ms. Flake's September 7, 2019 testament. Thereafter, on April 22, 2021, Mr. Flake filed a Second Tableau of Distribution, and Diana filed an opposition thereto on April 30, 2021. On June 15, 2021, the trial court signed an Order requiring Alan to file a Final Tableau of Distribution by July 6, 2021.

On July 6, 2021, Alan filed a Third and Final Tableau of Distribution, and on July 7, 2021, Alan filed a Supplemental and Amending Petition for Possession.

In his Supplemental and Amending Petition, Alan stated that Ms. Flake mistakenly believed that the values of her properties at 433 Greenmount and 3713 Wanda Lynn were lower than her interest in 3701 Wanda Lynn, and she expressed her desire to provide an equal value of distributions by adjusting the ownership of 3701 Wanda Lynn. Alan asserted that the appraisal of 433 Greenmount was actually substantially higher than the appraisals of 3713 Wanda Lynn and Ms. Flake's interest in 3701 Wanda Lynn, so each of the parties should be awarded a percentage of ownership of the Greenmount property in order to effectuate an equal value of distributions.[2]

On July 19, 2021, Wendy filed an "Opposition to Supplemental and Amended Petition, a Motion to Traverse Supplemental and Amended Descriptive List of Assets, and Motion for Declaratory Judgment." In her pleading, she sought a declaration that the special bequest to her of full ownership of 633 [sic] Greenmount Drive is valid. She stated that she obtained an appraisal of the Greenmount property that was approximately $100,000 less than the appraisal obtained by Alan and, regardless, the clear language of the testament bequeathing full ownership of the Greenmount property to her should be recognized and upheld.

On July 21, 2021, Diana filed an "Opposition to Petition Filing Third and Final Tableau of Distribution, Opposition to Supplemental and Amending Petition for Possession and Supplemental Opposition to Petition Filing Second Tableau of Distribution." In her pleading, Diana asserted that Alan failed to file a Final Tableau of Distribution, noting that he indicated in his Third and Final Tableau of Distribution that the final accounting would need to be supplemented with additional administrative expenses incurred after its filing. She also argued that

---

[2] Alan indicated that the appraised value of the Greenmount Drive property was $265,000, 3713 Wanda Lynn was $190,000, and Ms. Flake's one-half interest in 3701 Wanda Lynn was $185,000.

Alan is not entitled to a 2.5% executor's fee because he has continued to act in his own interest and against the interest of the other legatees.

On August 13, 2021, the following came for hearing before the trial court: the Petition for Partial Possession filed by Alan and Wendy; the Petition for Possession filed by Diana; the objections to the Second and Third Tableaus of Distribution filed by Alan; the Supplemental and Amending Petition for Possession filed by Alan; and the Rule to Traverse Supplemental Detailed Descriptive List and Motion for Declaratory Judgment filed by Wendy. After hearing testimony from Alan and arguments from counsel for each party, the trial court took a brief recess and then returned with its ruling. The trial court ordered the second and third tableaus of distribution homologated and overruled the objections thereto. The trial court further ordered that any attorney fees and costs associated with the distribution and expenses of the succession that were not included in the three tableaus of distribution were to be borne by Alan, not the estate. The trial court ruled that Alan's Supplemental and Amending Petition for Possession was denied, and that Wendy's opposition to this pleading and Motion for Declaratory Judgment were granted, upholding the validity of the legacy as to the Greenmount property. The trial court further provided that it was "ordering" the Petition for Possession **filed by Wendy** and "placing the heirs into possession of the properties as listed in the supplemental and amending descriptive list filed on November 12, 2020." The court further noted that it was a "partial possession" since there were other small items.

Thereafter, on August 16, 2021, the trial court signed a written judgment, ordering Alan's Second and Third and Final Tableaus of Distribution to be homologated and the objections thereto overruled, with any attorney fees and costs associated with distributions and expenses not included in the homologated tableau to be borne by Alan; denying Alan's Supplemental and Amending Petition

for Possession and ordering any costs and fees associated with its filing to be borne by Alan; granting Wendy's Motion for Declaratory Judgment and upholding the validity of the legacy of the Greenmount Drive property as written; and granting the Petition for Possession **filed by Diana,** placing the heirs into possession of the property as listed in the Supplemental and Amended Descriptive List filed on November 12, 2020.  On October 12, 2021, Alan filed a Motion for Devolutive Appeal, which was granted on October 14, 2021.

## LAW AND DISCUSSION

On April 28, 2022, Diana filed a Motion to Dismiss Appeal in this Court, arguing that the appeal is untimely pursuant to La. C.C.P. art. 3308, which provides that only a suspensive appeal shall be allowed from a judgment homologating a tableau of distribution.  Diana further argues that the remaining portions of the judgment are interlocutory, so there is no final and appealable judgment in this matter and thus, no appellate jurisdiction.

Alan filed a memorandum in opposition to the Motion to Dismiss Appeal, asserting that the portions of the judgment homologating the tableaus of distribution were not adverse to him and thus, they were not the intended subject of the appeal.  He further argues that La. C.C.P. art. 1871 provides that a declaratory judgment shall have the force and effect of a final judgment.

A valid judgment must be precise, definite, and certain. *Input/Output Marine Systems, Inc. v. Wilson Greatbatch Technologies, Inc.*, 10-477 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 915; *Dieudonne Enterprises, Inc. v. Slade*, 18-375 (La. App. 5 Cir. 12/27/18), 263 So.3d 1214, 1217.  This Court cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid, final judgment. *Jackson v. Usey*, 20-402 (La. App. 5 Cir. 2/10/21), 315 So.3d 377, 378; *Input/Output Marine Systems, Inc.*, 52 So.3d at 915.

A judgment that determines the merits in whole or in part is a final judgment. La. C.C.P. art. 1841. An interlocutory judgment does not determine the merits, but only preliminary matters in the course of an action. La. C.C.P. art. 1841. La. C.C.P. art. 1915(B) provides that when a court renders a partial judgment as to one or more but less than all of the claims, demands, issues, or theories against a party, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

The August 16, 2021 judgment is unclear as to whether it pertains to all of the succession property or just the immovable property. The written judgment indicates that Diana's Petition for Possession is granted "placing the heirs into possession of the property as listed in the Supplemental and Amended Descriptive List filed on November 12, 2020." It does not specify what property is included. Further, at the hearing on August 13, 2021, the trial court stated:

> And the Court is ordering the **petitions for possession filed by Wendy** and placing the heirs into possession of the properties as listed in the supplemental and amending descriptive list filed on November 12, 2020.
> That should conclude the succession. And I guess that would be **a partial possession** because there are other small items.

(Emphasis added.)

When counsel for Diana asked "for clarification purposes" if the trial court was "talking about the original petition for possession filed with both--," the trial court responded:

> The supplemental and amended descriptive list---filed on November 12[th]. Full ownership of 433 Greenmount to Wendy, full ownership of Wanda Lynn, 3717, I'm sorry, 3713 to Mr. Flake and percentage of ownership of 3701 to Diana.

The only Petition for Possession filed by Wendy was the Petition for Partial Possession filed by Alan and Wendy on November 20, 2020, seeking to have the

legatees placed into possession of the estate's immovable property only. The trial court's statements at the hearing indicate that its ruling was limited to the immovable property, as set forth in Alan and Wendy's Petition for Partial Possession.

We acknowledge that a trial judge may render a written judgment that differs in substance from her oral statements and that the written judgment is the only ruling from which an appeal may be taken. See *Richard v. Bourgeois*, 19-494 (La. App. 5 Cir. 3/18/20), 293 So.3d 790, 793. However, in this case, the written judgment is unclear as to whether it applies to all of the decedent's property or just the immovable property, as it does not specifically set forth the property at issue.

In *Succession of O'Krepki*, 17-130 (La. App. 5 Cir. 10/25/17), 229 So.3d 647, this Court dismissed the appeal of a Partial Judgment of Possession placing a legatee in possession of four legacies, where there remained outstanding contested issues in the case. This Court noted that the judgment was a partial judgment as to less than all of the issues and that it was not certified as final under La. C.C.P. art. 1915. Therefore, this Court found that it lacked appellate jurisdiction to address the merits of the appeal. *Id.* at 649.

Considering that the August 16, 2021 judgment does not reflect that it pertains to all of the decedent's property, and the judgment was not designated as a partial, final, and appealable judgment under La. C.C.P. art. 1915(B), we find that it is not a final judgment and this Court lacks appellate jurisdiction to address the merits of the appeal.

Although Alan claims that the trial court's ruling upholding the validity of the Greenmount Drive bequest to Wendy is a declaratory judgment that is final and appealable under La. C.C.P. art. 1871, we disagree. This Court has previously found that a declaratory judgment rendered by the trial court during the course of an ongoing suit was not immediately appealable, where the trial court failed to

designate that partial judgment as final, as required by La. C.C.P. art. 1915(B). *Ehlenberger v. Guardian Medical Group, L.L.C.*, 19-446 (La. App. 5 Cir. 5/29/20), 298 So.3d 375, 379; *Hodgins v. Hodgins*, 98-1009 (La. App. 5 Cir. 1/26/99), 726 So.2d 466, 468.

Finding that this Court lacks jurisdiction to address the merits of this appeal, we grant the Motion to Dismiss Appeal and remand to the trial court for further proceedings.

**DECREE**

For the foregoing reasons, we dismiss this appeal, without prejudice, and remand for further proceedings.

**MOTION TO DISMISS APPEAL GRANTED;**
**REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 30, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-91

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
ALAN MARK FLAKE, SR. (APPELLANT)      STEPHEN C. JUAN (APPELLANT)      HAROLD E. MOLAISON (APPELLEE)
JUSTIN E. MOLAISON (APPELLEE)      JACK A. TITTLE, JR. (APPELLEE)

**MAILED**
DARRYL T. LANDWEHR (APPELLANT)
ATTORNEY AT LAW
650 POYDRAS STREET
SUITE 2519
NEW ORLEANS, LA 70130